LINCOLN D. SPENCER *et al. vs.* EDWARD P. SPENCER *et al.*

PROVIDENCE—JUNE 20, 1904.

PRESENT: Tillinghast, Douglas, and Blodgett, JJ.

(1) *Contracts for Testamentary Disposition. Specific Performance.*

Upon a bill in equity to enforce a contract for testamentary disposition, evidence considered and
*Held,* not to establish a contract between the parties.

BILL IN EQUITY to enforce a contract for testamentary disposition. Heard on bill, answers, and proof. Bill dismissed.

(1)    DOUGLAS, J. It appears from the evidence in this case that the complainant, Lincoln Dyer Spencer, and his uncle, Obadiah B. Spencer, carried on a correspondence for several years relating to the disposition of the uncle's property, and it is this correspondence which the complainants rely upon to establish the contract set forth in their bill of complaint. None of the letters on the part of the uncle were written by himself, but they were composed by others, who say that they expressed substantially his ideas. No letters are produced from the complainant, but the complainant and some of his witnesses have testified to their recollection of the contents of letters which were sent to the uncle by or on behalf of the nephew.

The letters which are produced, even if they accurately expressed the intention of Obadiah B. Spencer, come far short of proving any contract between the parties. At the most, we can only find that the uncle had made his will in favor of

his nephew, and was disposed not to alter it but to make him his heir if on further consideration the nephew was willing to carry out the views of the uncle with regard to his business and property; but we do not find that the uncle bound himself by any definite contract to make his will in favor of the nephew, or that the nephew made any binding promise on that consideration. After the visit of the nephew and his family to the uncle in 1898, it is clear that the expected arrangement was abandoned. There is evidence that the complainant expressly announced his intention to give up the whole arrangement before he left for his home, and he received without protest, so far as appears, the last letter of the uncle, written two years before his death, which notified him that a new will had been made in favor of a grandson.

The legal questions which are involved in this case were answered by the court in its opinion on the demurrer to the bill, 25 R. I. 239, but it may not be superfluous to say that we fully approve the doctrine announced by the Court of Appeals of New York in the recent case of *Hamlin* v. *Stevens*, 69 N. E. Rep. 119. The case was one where a nephew claimed to have a contract with his aged uncle, which bound the latter to treat the nephew as a child in the disposition of the uncle's setate. Vann, J., says: "Contracts of the character in question have become so frequent in recent years as to cause alarm, and the courts have grown conservative as to the nature of the evidence required to establish them, and in enforcing them, when established, by specific performance. Such contracts are easily fabricated and hard to disprove, because the sole contracting party on one side is always dead when the question arises. They are the natural resort of unscrupulous persons who wish to despoil the estates of decedents. In *Shakespeare* v. *Markham*, 72 N. Y. 400, this court declared that 'contracts claimed to have been entered into with aged or infirm persons, to be enforced after death to the detriment and the disinheriting of lawful heirs, who otherwise would be entitled to their estates, are properly regarded with grave suspicion by courts of justice, and should be closely scrutinized, and only allowed to stand when established by the strongest evidence.' "

Our conclusion on the evidence is that the minds of the parties never met in any binding contract, and that negotiations to that end were broken off at the time of the nephew's visit and never resumed.

The bill must be dismissed with costs.

*G. Ward Kemp and William M. P. Bowen,* for complainant.

*William B. W. Hallett, James M. Ripley, and John Henshaw,* for respondents.