GEORGE F. TYLER *vs.* LIONEL A. TYLER.

APRIL 30, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is a bill in equity to establish a constructive trust. The cause is here on respondent's appeal from a decree of the Superior Court granting relief as prayed.

The respondent is complainant's adult son  Complainant was the owner of real estate consisting of about thirty house lots and five houses taxed for $15,000 and probably worth much more. On May 27, 1933, the property, which was subject to a mortgage of about $7,400, was sold on an execution for $100 and costs, to an agent of the holder of the execution, for $10. On June 2, 1933, the attorney for the purchaser wrote to the complainant notifying him of the sale. On the afternoon of June 5, 1933, the complainant called at the attorney's office and learned that he could repurchase the property for $250. On the same day complainant tried to reach the attorney by telephone to inform him that he would repurchase but found that he was not in his office. On the following day complainant called at the attorney's office and learned that he was out of town. In the meantime the complainant, who had been ordered to vacate, went to his son, the respondent, for advice and possible assistance and told him that he (complainant)

could repurchase the property for $250. Each evening the father visited the son and discussed the matter with him. On June 7, 1933, complainant again called at the attorney's office and then learned that on the preceding day the property had been sold to the respondent. Complainant then offered to pay respondent the amount which he had expended in purchasing the property. The respondent refused to accept payment and stated that he desired to keep the property.

The trial justice found that a confidential relationship existed between father and son and that the son held the property in trust for his father.

The respondent testified that he did nothing about buying the property until complainant told him he could not raise the $250 which was necessary to repurchase. The trial justice did not believe this testimony which, in view of the valuable equity and the rental of the property, seems improbable. Complainant testified that respondent made the following statement to him: "When you was there Monday night and told me it could be bought for $250 I flew. I never worked so fast in all my life to get hold of the property . . ." Complainant's testimony in this respect was corroborated by that of his wife.

While the relationship between father and son is not necessarily confidential, less evidence is necessary to establish a confidential relationship between a parent and child than between strangers in blood. See 65 C. J. 485, 486. The father, as was natural, went to his son, apparently for advice and assistance. Each evening he was with his son at the latter's home discussing the matter with him; and the son, while appearing to be sympathetic and desirous of being helpful, was secretly working to take an advantage of his father and to obtain for a nominal price property in which the latter had an interest amounting to several thousand dollars. He knew that his father was taking steps to raise the money. While it does not appear that the respondent represented that he was purchasing for the

benefit of his father, it does appear that the holder of the title knew that the purchaser was a son of the complainant.

In *Consumers Co.* v. *Parker*, 227 Ill. App. 552 at 566, the court said: "Whenever two persons stand in such a relation that while it continues confidence is necessarily reposed by one, and the influence which naturally grows out of that confidence is abused, or the influence is exerted to obtain an advantage at the expense of the confiding party, the person availing himself of his position will not be permitted to retain the advantage, although the transaction could not have been impeached if no confidential relation had existed."

We think the trial justice was warranted in finding from the evidence that a confidential relation existed between the complainant and the respondent.

The appeal is denied and dismissed. The decree appealed from is affirmed as to the substance but should be modified where changes are made necessary by the time which has elapsed since the entry of said decree. The parties may present for our approval a form of decree in accordance with this opinion to be entered in the Superior Court.

*Joseph E. Beagan*, for complainant.

*Wilson, Lovejoy, Budlong & Clough, Wilford S. Budlong*, for respondent.