Luigi **COLANGELO** et al.

v.

**The ESTATE OF Virginia COLANGELO et al.**

**No. 89–120–Appeal.**

Supreme Court of Rhode Island.

Feb. 7, 1990.

Nicholas Colangelo, Shapira, Colangelo & Calise, Providence, for plaintiff.

Kenneth M. Beaver, Arcaro, Belilove & Kolodney, Providence, for defendant.

## OPINION

### PER CURIAM

The litigants in this dispute are the children of the late Nicola and Virginia Colangelo. The plaintiffs, who are brothers, instituted this suit in the Superior Court, claiming that after their father's death in 1947 their mother promised them that if they would relinquish any claim to their father's estate, she would leave her entire estate in equal shares to all her children. When the mother died in 1983, she left her estate to the three daughters who were living with her at the time of her decease. A Superior Court jury rejected the brothers' claim and the trial justice subsequently denied their motion for a new trial. On January 25, 1990, the brothers, through their counsel, appeared before this court to show cause why the issues presented in this appeal should not be summarily decided.

The brothers raise two issues—one relates to the introduction of the 1962 communication from Umberto's lawyer and the other concerns the trial justice's charge when he informed the jury that plaintiffs were obligated to prove the existence of the oral contract by clear and convincing evidence.

Originally the trial justice refused to permit the introduction of the attorney's letter as a full exhibit because the communication was addressed to Christina Colangelo, the administrator of the father's estate, rather than to her mother, Virginia Colangelo. However, later in the proceedings, the let-ter was admitted as a full exhibit because it indicated a position taken by Umberto that was inconsistent with the claim filed by Luigi and Umberto. In discussing the burden of proof, the trial justice noted that the dispute before the court involved the existence of an oral promise to leave property to another. It is well-established law in this jurisdiction that such a promise will not be honored unless proof of its existence is supplied by clear and convincing evidence. *Pearson v. Bozyan,* 86 R.I. 311, 134 A.2d 387 (1957); *Pohle v. McAleer,* 78 R.I. 512, 82 A.2d 869 (1951); *Tillinghast v. Harrop,* 63 R.I. 394, 9 A.2d 28 (1939); *Messier v. Rainville,* 30 R.I. 161, 73 A. 378 (1909); *Spencer v. Spencer,* 26 R.I. 237, 58 A. 766 (1904). The trial justice, in his charge, complied with the mandates of the cases cited above.

 Because they have failed to show cause, the plaintiffs' appeal is denied and dismissed and the judgment appealed from is affirmed.