[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter was tried before the court sitting without a jury at which time the plaintiffs presented extensive testimony in support of their claim against the estate of William T. Bowler. The plaintiffs in this action in equity are the children of the late Geraldine M. Bowler. The essence of their complaint is that William T. Bowler falsely represented to their mother that the property located at 36 Seastones Drive in Portsmouth, Rhode Island (hereinafter "Seastones") was and would be hers forever. The plaintiffs seek to impose a constructive trust on the Seastones property for the benefit of their mother's estate. To this end, the plaintiffs offered testimony at trial in an attempt to demonstrate that William T. Bowler retained legal title to this property in violation of a fiduciary duty or confidential relationship.
The testimony of Christopher Clark, one of the plaintiffs in this action, revealed that Geraldine M. Clark and William T. Bowler were married in the early 1970's. At the time of their marriage, Geraldine Clark had eight children from a previous marriage and was some 17 years younger than Mr. Bowler. Construction of the Seastones property began in June of 1977, after the Clark's home in Scituate, Massachusetts was sold. The amount realized from this sale was apparently applied to the construction of the Seastones house.
Most of the plaintiffs who were called to testify recalled specific conversations that they had with Mr. Bowler where he indicated that the Seastones property was, in effect, "the Clark family home". The plaintiffs also offered testimony regarding the love and trust that existed between their mother and stepfather throughout the years during which the family resided at Seastones. There was further testimony to the effect that Geraldine Clark Bowler was involved in every detail of the construction of Seastones, acting much like a general contractor while coordinating all of the subcontractors.
In May of 1985, Geraldine was diagnosed as suffering from an incurable form of leukemia. At that time, counsel was engaged to prepare Geraldine's last will and testament. Her will makes no reference to the Seastones property and only generally refers to potential property which she may come to own. Due to the fact that her name appeared on the mortgage deed for the property, yet not on the land evidence records deed, Geraldine was not a record owner of Seastones. It was at the time of her illness that Geraldine Clark Bowler first learned that she did not own the Seastones property. The evidence adduced at trial also showed that Mr. Bowler always made all of the mortgage payments on the property and that Geraldine declined her husband's proposal whereby she would receive one half of the house, should Mr. Bowler predecease her.
The standard of proof with regard to the request that a court impose a constructive trust on certain property is by clear and convincing evidence. See Colangelo v. Estate of VirginiaColangelo, 569 A.2d 3, 4 (R.I. 1990). The imposition of a constructive trust is proper when legal title to property is obtained in violation of a fiduciary relationship. Simpson v.Dailey, 496 A.2d 126, 128 (R.I. 1985). The necessary elements of proof in this regard are (1) the existence of a fiduciary relationship and (2) a breach thereof. Id. at 129. The Rhode Island Supreme Court has noted that a family relationship standing alone does not automatically give rise to a fiduciary relationship. See Tyler v. Tyler, 54 R.I. 254, 172 A. 820
(1934). In determining whether a confidential relationship exists, the court may take into account a variety of factors, including the reliance of one party upon the other, the relationship of the parties involved, the relative business capacities or lack thereof between the parties, as well as the readiness of one party to follow the other's guidance in complicated transactions. Simpson, 496 A.2d at 129.
The plaintiffs cite to Desnoyers v. Metropolitan LifeInsurance Co., 108 R.I. 100, 112, 272 A.2d 691 (1971) in contending that a constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the grounds that he would be unjustly enriched if he were permitted to retain it. However, in holding that the plaintiffs failed to present sufficient evidence to establish a constructive trust, the Desnoyers court noted that there was no evidence that a promise had been made by the defendant to hold certain proceeds in trust for the plaintiffs. Desnoyers, 272 A.2d at 690. The court proceeded to state that the plaintiffs failed to show by clear and convincing evidence that the defendant committed either an actual or a constructive fraud.Id.
Similarly, in J.K. Social Club v. J.R. Realty Corp.,448 A.2d 130, 134 (R.I. 1982) the court noted that a constructive trust will be imposed upon the parties in order to avoid the unjust enrichment of one party at the expense of another. However, once again, in J.K. Social Club, the plaintiffs did not demonstrate by clear and convincing evidence that a fraud had been perpetrated upon them. The court noted that in order to lead to the creation of a constructive trust, the evidence must show that the holder of legal title procured title through fraud in the form of an actual misrepresentation of present intent. J.K.Social Club, 448 A.2d at 134.
Therefore, in the case at bar, the plaintiffs have the burden of proving the existence of a fiduciary relationship between William T. Bowler and Geraldine Clark Bowler, and the requisite breach of some promise or fraud which came about as a result of this confidential relationship. In this regard, the court finds that there was ample evidence presented which establishes the existence of a fiduciary relationship. There is little doubt that the Bowlers shared a close, loving relationship with each other. The evidence also reveals that Geraldine invested money in Mr. Bowler's business when the company was in poor financial condition in the early 1980's. Furthermore, the plaintiffs all testified that their mother openly reposed a great deal of trust and confidence in her husband.
That fact notwithstanding, the plaintiffs also bear the burden of demonstrating by clear and convincing evidence William T. Bowler made a specific promise to Geraldine Clark Bowler upon which she relied to her detriment. In that regard, the court is of the opinion that the plaintiffs have failed to clearly articulate exactly how and when the Seastones property was either obtained or retained, in violation of a fiduciary duty. The plaintiffs did not offer any evidence which is dispositive of whether Mr. Bowler promised to place Geraldine's name on the deed of record. Even if the court were to assume that Mr. Bowler had an intent to place his wife on the deed to create some form of joint ownership, then the court would still be faced with having to speculate as to the exact nature of that tenancy. That is, if the two had been joint tenants, the fact that Geraldine predeceased her husband would have left Mr. Bowler as the sole owner of the property. The fact remains that the court has no evidence before it that there was an intent to transfer ownership of the Seastones property, nor is there any evidence of what type of tenancy would thereby have been created.
The court can only speculate as to what agreements there were, if any, between Mr. and Mrs. Bowler regarding the Seastones property. The plaintiffs seemingly imply that the Seastones house could not have been constructed without the proceeds realized from the sale of the Clark's house in Scituate, Massachusetts. However, this is clearly speculative at best and the facts presently before the court in no way establish that premise. Moreover, if by some means the court could somehow find that the monies from the Scituate house were needed in order to construct the Seastones house, the years Geraldine actually lived at the Seastones property may have been intended as consideration for the money she initially invested. However, the court would merely be engaging in rank speculation if it were to decide this case based upon a series of hypothetical situations.
The court is mindful to point out that the circumstances which gave rise to the present matter, as well as the actual trial of the case, were indeed tragic. During the presentation of this case, the court had ample opportunity to observe that there once existed a truly loving relationship amongst the members of this family. However, the court is unable to base its decision upon sympathy and must decide this matter by applying the law to the facts and evidence before it.
In accordance with the foregoing reasoning, there is no basis which supports the plaintiffs' attempt to impose a constructive trust upon the estate of William T. Bowler. Therefore, the court finds that the plaintiffs have failed to satisfy the requisite burden of proof and hereby denies them any equitable relief. Counsel are directed to prepare an order in conformity with this decision.